POSTED ON WEB SITE

FILED
JUL 18 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

PAUL D. MEINERT

        Debtor.

_____/

Case No. 06-10388-A-7
DC No. UST-1

FINDINGS OF FACT AND
CONCLUSIONS OF LAW RE
U.S. TRUSTEE'S MOTION FOR
DISMISSAL PURSUANT TO
11 U.S.C. § 109(h)

    A hearing was held June 21, 2006, on the motion of the United States Trustee to dismiss the chapter 7 case of Paul D. Meinert. Following the hearing, the court took the matter under submission. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

    Paul D. Meinert lives in Ridgecrest, California. Ridgecrest is more than 100 miles from Bakersfield, California. Mr. Meinert's attorney's office is located in Bakersfield, as are the meeting room for the United States Trustee and the bankruptcy courtroom. Mr. Meinert works for his brother as a salesperson. He decided to file chapter 7 because his wages had been garnished, and his brother was required to withhold funds from his wage payments. He went to Bakersfield on April 3, 2006, and met with his bankruptcy lawyer. Also on April 3, 2006, Mr.

Meinert contacted Consumer Credit Counseling of Kern and Tulare Counties ("CCC") and requested credit counseling. CCC, on April 3, gave Mr. Meinert blank financial forms to complete and instructed him to fill them out and return them to CCC with his payment of $45. On April 4, 2006, the bankruptcy petition was filed. CCC received the completed forms along with his money order for $45 on April 6, 2006. Also on April 6, CCC contacted Mr. Meinert by telephone and gave him a telephonic appointment for credit counseling on April 10. The credit counseling appointment took place by telephone on April 10. Upon completion of the counseling on April 10, CCC sent a certificate of counseling to Mr. Meinert's attorney, who filed it with the bankruptcy court.

<u>The Credit Counseling Requirement.</u>

Bankruptcy Code § 109(h) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). It provides as follows:

> "(h) (1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> . . .
>
> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit

counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

  (iii) is satisfactory to the court.

 (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days."

Numerous bankruptcy court decisions have discussed § 109(h). By adding § 109(h), Congress intended that individuals filing bankruptcy should first obtain a briefing from a nonprofit budget and credit counseling agency that outlines available credit counseling and assists the individual to analyze his or her budget.

Meinert did not receive his credit counseling briefing prior to filing his bankruptcy case. Therefore, he is not eligible to be a debtor unless the exception of § 109(h)(3) applies.

Are there exigent circumstances that merit a waiver? Mr. Meinert checked the box on his petition requesting a waiver of the requirement due to exigent circumstances. However, he failed to attached a "certification" describing those circumstances. His declaration in response to the United States Trustee's motion to dismiss states that he needed to file bankruptcy because his wages were being garnished. This is an exigent circumstance. The declaration, despite not being filed with the petition as the

Interim Rules require, is "satisfactory to the court."[1]  Interim Rule 1007(b)(3) and (c) requires an individual debtor to file the Certificate of Credit Counseling or a request for determination of an exemption with the petition in a voluntary case.  Here, the certification was filed not with the petition, but as a response to the United States Trustee's Motion to Dismiss.

Mr. Meinert requested credit counseling on April 3rd.  However, the credit counseling agency on April 3rd gave him forms to fill out.  Mr. Meinert then went back to Ridgecrest, filled out the forms, and mailed them to the credit counseling agency.  CCC received the completed forms and his check by April 6th.  On April 6th, CCC telephoned him, and an appointment was scheduled for April 10th, a Monday.

How should time be counted?  Section 109(h)(3)(A)(ii) requires the debtor to have requested credit counseling but to have been unable to obtain credit counseling "during the 5-day period beginning on the date on which the debtor made that request . . ."  Counting the date of making the request as the first day (April 3rd), the fifth day is April 7th, a Friday.  On the other hand, if the court counts time as required by Federal Rule of Bankruptcy Procedure 9006(a), the result is different.  Under that rule, "the day of the act, event, or default from which the designated period of time begins to run shall not be

---

[1] Interim Bankruptcy Rules have been promulgated as amendments to the Federal Rules of Bankruptcy Procedure.  The United States Bankruptcy Court for the Eastern District of California has, by general order, adopted the Interim Bankruptcy Rules as recommended by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States.  See, General Order 05-04.

4

<a>
</a>
included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . ." If the first day (April 3rd) is not included, then the fifth day is April 8th, which is a Saturday, and the applicable five day period would not conclude until April 10th.

The statute is, at least in this respect, straightforward. It requires that the five day period be calculated "beginning on the date on which the debtor made" the request for credit counseling. Thus, the fifth day was April 7th. This was a Friday. Mr. Meinert was unable to obtain credit counseling by April 7th. He was not able to obtain it until April 10th.

Mr. Meinert did his best to satisfy the requirements of § 109(h). Katy Hudson, who is President of CCC, acknowledges that Mr. Meinert requested credit counseling on April 3rd. Ms. Hudson's declaration and Mr. Meinert's declaration differ in that Mr. Meinert says that he paid CCC on April 3rd, while Ms. Hudson states that he did not pay until April 6th. However, the court is not persuaded that the difference between Mr. Meinert's testimony and Ms. Hudson's testimony is relevant. This is because they both agree that he requested credit counseling on April 3rd. The statute does not say anything about when the prospective debtor pays the credit counseling agency or when the prospective debtor fills out the forms for the credit counseling agency. The statute refers only to the date of the request. Mr. Meinert obtained credit counseling as soon as he could.

Mr. Meinert has satisfied the requirements of § 109(h)(3)(A)(ii).

Therefore, the motion of the United States Trustee will be

<a>5</a>

denied. Counsel for the debtor shall submit an appropriate form of order.

DATED: July 18, 2006.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF FRESNO        )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On July 18, 2006, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Frank P. Samples, Esq.
1331 L Street
Bakersfield, CA 93301

Rossana A. Zubrzycki-Blanco
1331 L Street
Bakersfield, CA 93301

Mark L. Pope
Assistant United States Trustee
Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, CA 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on July 18, 2006, at Fresno, California.

_____
Kathy Torres, PLS